UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADAIR MARIE ROSE,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>       Defendant. | No. CV-10-119-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on April 8, 2011 (Ct. Rec. 14, 17). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Gerald J. Hill represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 8). On March 29, 2011, plaintiff filed a reply (Ct. Rec. 19). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14) and remands for further administrative proceedings. Defendant's Motion for Summary Judgment (Ct. Rec. 17) is **DENIED**.

**JURISDICTION**

Plaintiff applied for disability insurance benefits (DIB) on

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 1 -

January 7, 2009, alleging disability beginning May 1, 2006 (Tr. 111-112). The application was denied initially and on reconsideration (Tr. 69-71, 77-79).

At a hearing before Administrative Law Judge (ALJ) Paul T. Hebda on September 22, 2009, plaintiff, represented by counsel, her spouse, and medical and vocational experts testified (Tr. 29-66). On October 1, 2009, the ALJ issued an unfavorable decision (Tr. 10-20). The Appeals Council denied review on March 5, 2010 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on April 19, 2010 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are briefly summarized here where relevant.

Plaintiff was 58 years old at the hearing. She graduated from high school and completed a year of college (Tr. 40, 131). Ms. Rose has worked as a file clerk, receptionist, and document scanner (Tr. 41-44, 58-59, 127, 149, 190-192). In June 2006, she underwent a lumpectomy followed by radiation for breast cancer. She has hypertension and a liver cyst. Ms. Rose testified she can walk four blocks and lift five pounds (Tr. 46-48). Her heart beats rapidly. She has fatigue, nausea, trouble sleeping, memory problems, anxiety, and depression (Tr. 35, 44-48, 50, 55).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. *Hoffman v.*

1  *Heckler*, 785 F.3d 1423, 1425 (9th Cir. 1986). The burden then
2  shifts, at step five, to the Commissioner to show that (1)
3  plaintiff can perform other substantial gainful activity and (2) a
4  "significant number of jobs exist in the national economy" which
5  plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
6  Cir. 1984); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (1999).

### STANDARD OF REVIEW

8      Congress has provided a limited scope of judicial review of a
9  Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold
10 the Commissioner's decision, made through an ALJ, when the
11 determination is not based on legal error and is supported by
12 substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th
13 Cir. 1985); *Tackett,* 180 F.3d at 1097 (9th Cir. 1999). "The
14 [Commissioner's] determination that a plaintiff is not disabled
15 will be upheld if the findings of fact are supported by
16 substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th
17 Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is
18 more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112,
19 1119 n. 10 (9th Cir. 1975), but less than a preponderance.
20 *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989);
21 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d
22 573, 576 (9th Cir. 1988). Substantial evidence "means such
23 evidence as a reasonable mind might accept as adequate to support
24 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)
25 (citations omitted). "[S]uch inferences and conclusions as the
26 [Commissioner] may reasonably draw from the evidence" will also be

28 ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 5 -

upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

    The ALJ found plaintiff met the DIB requirements through June 30, 2008 (Tr. 10, 12). At step one he found Ms. Rose did not engage in substantial gainful activity after onset (Tr. 12). At steps two and three, ALJ Hebda found plaintiff suffers from status post breast cancer and status post breast cancer treatment, impairments that are severe but which do not alone or in

combination meet or medically equal a Listed impairment (Tr. 12, 17). The ALJ found plaintiff less than completely credible (Tr. 19). At step four, relying on the VE, he found plaintiff's RFC for a wide range of light work enables her to perform three of her past jobs: file clerk, receptionist, and document scanner (Tr. 19, 59). Accordingly, he found plaintiff is not disabled as defined by the Social Security Act (Tr. 20).

**ISSUES**

Plaintiff contends the Commissioner erred when he failed to credit the opinions of Drs. Gardner, Guthrie, and Arnold, and when he found her less than fully credible (Ct. Rec. 15 at 10-18). Asserting the ALJ's decision is supported by substantial evidence and free of legal error, the Commissioner asks the Court to affirm (Ct. Rec. 18 at 2). The first issue is dispositive.

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 7 -

1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
- 8 -

Cir. 1995).

**B. Mental limitations**

Plaintiff alleges the ALJ should have credited the opinions of examining psychologist John Arnold, Ph.D., and treating doctors Gardner and Guthrie (Ct. Rec. 15 at 11-15). Had the ALJ properly credited these opinions, plaintiff asserts, the ALJ would have found at step two she suffers the severe mental impairment of anxiety.

The Commissioner answers that an ALJ's error, if any, at step two is harmless if substantial evidence supports the RFC, or if the claimant shows the ALJ failed to account for limitations resulting from the impairment (here, anxiety) in the RFC (Ct. Rec. 18 at 6), citing *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); 20 C.F.R. § 404.1521; 20 C.F.R. § 404.1545.

The ALJ did not include any mental limitations in his RFC assessment (Tr. 18). He observes plaintiff testified she currently takes medication for anxiety, but there is no evidence she did so during the relevant period (Tr. 19).

The ALJ erred.

In November 2006, treating doctor Timothy Gardner, M.D., noted complaints of episodic feelings of doom and crying spells due to "frustration from her inability to feel well." He opined it was possible some of her symptoms were related to panic attacks and a generalized anxiety disorder. Dr. Gardner prescribed citalopram and alprazolam on December 15, 2006, about seven months after onset (Ct. Rec. 15 at 12, citing Tr. 300-301). In July 2007,

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 9 -

plaintiff continued to suffer anxiety problems. Dr. Gardner prescribed lorazepam and sertraline (Ct. Rec. 15 at 12, citing Tr. 372).

In October 2007, treating doctor Carol Guthrie, M.D., noted complaints of increased depression, and anxiety which was increasingly debilitating (Ct. Rec. 15 at 12, citing Tr. 272). Plaintiff points out Dr. Gardner's records in December 2007 and January 2008 reflect complaints of "worrying all the time" despite taking lexapro and citalopram. In July 2008, just after her last insured date, plaintiff felt anxious and forgetful. She was having frequent nightmares. Dr. Gardner adjusted the psychotropic medications (Ct. Rec. 15 at 14, citing Tr. 370-371).

The error by the ALJ is not harmless.

If there are unresolved issues and the record does not clearly require a finding of disability, the court should remand for further administrative proceedings to remedy defects in the original administrative proceedings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)). The decision whether to remand for further proceedings or for an award of benefits is within the Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1177 (9th Cir. 2000); Reddick v. Chater, 157 F.3d 715, 728 (9th Cir. 1989).

The ALJ erred when he determined plaintiff did not take psychotropic medications during the relevant period. Because he found no severe mental impairment at step two, and his RFC included no mental limitations, the ALJ's step two determination

is not supported by the record, necessitating remand for further administrative proceedings.

**C. Physical limitations**

Dr. Vu testified Ms. Rose has an RFC for light work. He opined plaintiff's medication (tamoxifen) likely has caused fatigue since December 2006 (Tr. 36-37). On remand the record should be fully developed with respect to the effects of fatigue during the relevant period.

The court expresses no opinion as to what the ultimate outcome will or should be. The fact-finder is free to give whatever weight to the evidence is deemed appropriate. *See Sample v. Schweiker*, 694 F.2d 636, 642 (9th Cir. 1982)("Questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court agrees the ALJ's decision is not free of legal error and , but finds there are unresolved issues and the record does not clearly require a finding of disability. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **GRANTED.** The matter is **REVERSED and REMANDED** for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is **DENIED.**

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS - 11 -

1        The District Court Executive is directed to file this Order,
2   provide copies to counsel, enter judgment in favor of Plaintiff,
3   and **CLOSE** this file.
4        DATED this 16th day of May, 2011.

6                                        s/ James P. Hutton
7                                       JAMES P. HUTTON
8                                 UNITED STATES MAGISTRATE JUDGE

28  ORDER GRANTING PLAINTIFF'S MOTION
    FOR SUMMARY JUDGMENT AND REMANDING
    FOR FURTHER ADMINISTRATIVE PROCEEDINGS                       - 12 -